**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SARAH ROMANO, )<br>)<br>      Plaintiff )<br>)<br>v. )<br>)<br>DIVERSIFIED CONSULTANTS, INC., )<br>)<br>      Defendant )<br>) | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## **COMPLAINT**

SARAH ROMANO ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in East Longmeadow, Massachusetts.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 10550 Deerwood Park Blvd #309, Jacksonville, Florida 32256.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to a cellular telephone account held by T-Mobile.

11. The debt at issue, a T-Mobile personal cellular telephone account, arose out of transactions, which were primarily for personal, family, or household purposes.

12. Beginning in or before January 2014, and continuing through February, 2014, Defendant, through its agents and representatives, engaged in debt collection activities seeking payment from Plaintiff for the alleged T-Mobile debt.

13. Specifically, Defendant repeatedly made harassing telephone calls to Plaintiff's home and cellular telephone numbers.

14. Defendant called Plaintiff, on average, one (1) to two (2) times a day in its attempts to collect a debt.

15. On more than one occasion, Plaintiff told Defendant to stop calling her; however,

Defendant failed to update its records to stop the calls.

16. Rather, Defendant persisted calling Plaintiff despite knowing that its calls were unwanted, showing its intent to annoy, abuse and harass her.

17. Further, Plaintiff disputed owing the amount Defendant sought to collect, as she had been forced to cancel her contract with T-Mobile based upon it furnishing her with several defective cellular telephones and only replacing the cellular telephone with a model that did not have all the features that she had paid for.

18. Plaintiff does not owe the amount Defendant is seeking, as T-Mobile is seeking more than the early termination fee.

19. Defendant's actions as described herein were made with the intent to harass, upset and coerce payment from Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

20. In its actions to collect a disputed debt, Defendant violated the FDCPA in the following ways:

**COUNT I**

a. A debt collector violates § 1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

b. Here, Defendant violated § 1692c(a)(1) of the FDCPA by continuing to

communicate with Plaintiff on her cellular telephone after being told that it was inconvenient for her to receive collection calls on her cellular telephone.

## COUNT II

a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it repeatedly called Plaintiff on her cellular telephone one (1) to two (2) times a day, as well as continuing to call Plaintiff after having been told to stop calling her cellular telephone.

## COUNT III

a. A debt collector violates § 1692e of the FDPCA by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

b. A debt collector violates § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

c. Here, Defendant violated §§ 1692e and 1692e(2)(A) of the FDCPA by falsely representing the amount of a debt, in that Plaintiff did not owe the

amount of the debt that it sought to collect.

**COUNT IV**

a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b. A debt collector violates § 1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

c. Here, Defendant violated §§ 1692f and 1692f(1) of the FDCPA engaging in other unfair and unconscionable debt collection practices, including seeking to collect an amount greater than what the agreement permitted and failing to investigate Plaintiff's dispute of the debt.

WHEREFORE, Plaintiff, SARAH ROMANO, respectfully pray for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SARAH ROMANO, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date:  May 15, 2014        By:  */s/ Craig Thor Kimmel*
　　　　　　　　　　　　　　　　Craig Thor Kimmel
　　　　　　　　　　　　　　　　BBO #662924
　　　　　　　　　　　　　　　　Kimmel & Silverman, P.C.
　　　　　　　　　　　　　　　　30 E. Butler Pike
　　　　　　　　　　　　　　　　Ambler, PA 19002
　　　　　　　　　　　　　　　　Phone: (215) 540-8888
　　　　　　　　　　　　　　　　Fax: (877) 788-2864
　　　　　　　　　　　　　　　　Email: kimmel@creditlaw.com